AETNA CASUALTY AND SURETY CO. v. CONTINENTAL INS. CO.

[110 N.C. App. 278 (1993)]

fendant. The basis of defendant's claim is that the testimony was irrelevant and even if relevant, it was outweighed by its prejudicial effect. We find the intended victim's testimony to be highly relevant because it presented to the jury a motive for defendant's solicitation. At no point did Dunnington give any specifics about the sexual charges. Instead she testified generally that she had been a victim of a crime committed by defendant and that she was prepared to testify against defendant if called upon to do so. We do not believe the probative value of this evidence to be outweighed by its prejudicial effect. We hold that defendant received a fair trial free from prejudicial error.

No error.

Chief Judge ARNOLD and Judge COZORT concur.

———————————

THE AETNA CASUALTY AND SURETY COMPANY v. CONTINENTAL INSURANCE COMPANY AND BRYANT ELECTRIC COMPANY, INC.

No. 9226SC208

(Filed 18 May 1993)

1. **Appeal and Error § 422 (NCI4th) — appellee's cross-assignments of error — no separate brief as appellant**

Where defendant appellee added several cross-assignments of error to the record pursuant to N.C.R. App. P. 10(d), defendant is not entitled to file an "appellant's" brief containing arguments supporting its cross-assignments of error as well as an "appellee's" brief. Therefore, plaintiff's *motion to strike* defendant's "appellant's" brief is allowed and defendant's cross-assignments of error will not be considered. N.C.R. App. P. 25(b).

**Am Jur 2d, Appeal and Error § 691.**

2. **Insurance § 824 (NCI4th) — fire loss — builder's risk policies — excess clauses — pro rata payment**

Although "other insurance" clauses in builder's risk policies issued to a general contractor and to an electrical subcontractor are not identical, both are "excess" clauses where they effectively provide that, if there is other insurance covering

the same loss, the insurer will pay only the excess beyond what is payable under the other policy. Accordingly, the trial court properly determined that the excess clauses are mutually repugnant, that neither will be given effect, and that the two builder's risk insurers should share payment of a fire loss covered by both policies on a pro rata basis rather than equally.

**Am Jur 2d, Insurance §§ 1789, 1792.**

Appeal by plaintiff from order entered 2 December 1991 in Mecklenburg County Superior Court by Judge Forrest A. Ferrell. Heard in the Court of Appeals 9 March 1993.

*Johnston, Taylor, Allison & Hord, by Robert L. Burchette and Greg C. Ahlum, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by John P. Barringer, for defendant-appellee Continental Insurance Company and defendant-appellee Bryant Electric Company.*

GREENE, Judge.

Plaintiff appeals from an order filed 2 December 1991, ordering that plaintiff and defendant share payment of an insurance claim on a pro-rata basis.

The facts pertinent to this appeal are as follows: In October, 1986, J.A. Jones Construction Company (Jones) entered into a general construction contract with First Union National Bank for certain work on the First Union Tower located in Charlotte, North Carolina. Thereafter, Jones subcontracted Bryant Electric Company, Inc. (Bryant) to provide all of the electrical work on the project. Plaintiff Aetna Casualty and Surety Company (Aetna) was the builder's risk insurance carrier for Jones, and issued to Jones a policy endorsement with a coverage limit of $11,600,000.00. Defendant Continental Insurance Company (Continental) was the builder's risk insurance carrier for Bryant, and provided a policy with a coverage limit of $5,000,000.00.

Aetna's policy contains an "other insurance" clause which provides:

THIS POLICY DOES NOT COVER ANY LOSS OR DAMAGE WHICH AT THE TIME OF THE HAPPENING OF SUCH LOSS OR DAMAGE IS INSURED BY OR WOULD, BUT FOR THE EXISTENCE OF THIS POLICY

BE INSURED BY ANY OTHER POLICY OR POLICIES, EXCEPT IN RESPECT OF AN EXCESS BEYOND THE AMOUNT WHICH WOULD HAVE BEEN PAYABLE UNDER SUCH OTHER POLICY OR POLICIES HAD THIS INSURANCE NOT BEEN EFFECTED.

Continental's policy contains an "other insurance" clause which provides:

> If you or anyone else has other insurance covering the same "loss" as the insurance under this Coverage Part, we will pay only the excess over what should have been received from the other insurance. We will pay the excess whether you can collect on the other insurance or not.

In early January, 1988, a fire occurred in the generator/electrical switching room located on the eighth floor of the First Union Tower. Aetna paid the sum of $428,447.78 to make the permanent repairs necessitated by the fire, and thereafter filed a complaint seeking a declaratory judgment as to whether Aetna's policy or Continental's policy provides the primary builder's risk coverage for damage resulting from the fire. The trial court found that the "other insurance" clauses in the Aetna and Continental policies are "mutually repugnant," and determined that Aetna and Continental should share payment of the $428,447.78 fire loss claim pro-rata, based on their respective policy limits. From this order, Aetna appeals.

---

The issues presented are whether the trial court erred in determining that (I) the "other insurance" clauses of the Aetna and Continental policies are mutually repugnant; and (II) Aetna and Continental should share payment of the fire loss claim on a pro-rata basis.

[1] Before turning to the substantive issues before us, we first address an issue of appellate procedure. Pursuant to Rule 10(d), an appellee, without taking an appeal, "may cross-assign as error any action or omission of the trial court which was properly preserved for appellate review and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." N.C.R. App. P. 10(d) (1993). The appellee may present for review any questions raised by cross-assignments of error pursuant to Rule 10(d) by stating them in his brief. N.C.R. App. P. 28(c) (1993). "[H]is brief"

AETNA CASUALTY AND SURETY CO. v. CONTINENTAL INS. CO.

[110 N.C. App. 278 (1993)]

as used in Rule 28(c) refers to the single brief which must be filed and served by the appellee within thirty days after the appellant's brief has been served on him. N.C.R. App. P. 13(a)(1) (1993).

In the instant case, Aetna properly and timely filed its notice of appeal from the declaratory judgment order and its proposed record on appeal. Continental, as appellee, properly added to the record pursuant to Rule 10(d) several cross-assignments of error. Thereafter the record was settled, and was filed on 27 February 1992. On 5 April 1992, appellee Continental served on Aetna, by mail, a brief entitled "Brief of Defendant-*Appellant* Continental Insurance Company" (emphasis added). This brief was filed on 6 April 1992, and contains Continental's arguments regarding its cross-assignments of error. Appellant Aetna properly served its brief, by mail, on Continental on 6 April 1992 and filed it on 7 April 1992. Aetna also filed a reply brief pursuant to Rule 28(h) on 20 April 1992, in response to Continental's "appellant's" brief. Thereafter, on 5 and 6 May 1992, Continental served and filed its "Defendant-Appellee's Brief," addressing Aetna's assignments of error.

It is apparent that Continental has misconstrued our Rules of Appellate Procedure. Continental did not appeal from the trial court's order, is not an "appellant," and is not entitled under our rules to file both an "appellant's" and an "appellee's" brief. Accordingly, we grant Aetna's motion to strike Continental's "appellant's" brief, and thus do not consider Continental's cross-assignments of error or Aetna's reply brief. *See* N.C.R. App. P. 25(b) (1993) (granting this Court authority upon motion of a party or on its own initiative to impose a sanction against a party when Court determines the party substantially failed to comply with appellate rules).

I

[2]    Aetna argues that the trial court erroneously determined that the "other insurance" clauses in the Aetna and Continental policies are mutually repugnant. Aetna contends that the "other insurance" clause in its policy is a "hybrid super escape and excess" clause, that the clause in the Continental policy is a "standard excess" clause, and that therefore Continental's policy is primary and Aetna's is secondary, or excess.

An excess clause in an insurance policy " 'generally provides that if other valid and collectible insurance covers the occurrence in question, the "excess" policy will provide coverage only for liability above the maximum coverage of the primary policy or policies.' " *Horace Mann Ins. Co. v. Continental Casualty Co.*, 54 N.C. App. 551, 555, 284 S.E.2d 211, 212 (1981) (citation omitted). A standard escape clause " 'provides that there shall be no coverage when there is other valid and collectible insurance.' " *Id.* (citation omitted). A super escape clause is one which expressly provides " 'that the insurance does not apply to any loss covered by other specified types of insurance, including the excess insurance type . . . .' " *Id.* at 555, 284 S.E.2d at 213 (citation omitted).

When a standard escape clause in one policy competes with an excess clause in another policy, the policy with the standard escape clause is considered primary, and the policy with the excess clause is considered secondary, or excess. *Id.* However, when a super escape clause in one policy competes with an excess clause in another policy, the super escape clause is given effect and the insurer whose policy contains the super escape clause is absolved from liability. *Id.* When two policies both contain identical excess clauses, or excess clauses which are worded in such a way that it is impossible to distinguish between them or to determine which policy is primary, "the clauses are deemed mutually repugnant and neither excess clause will be given effect." *North Carolina Farm Bureau Mut. Ins. Co. v. Hilliard*, 90 N.C. App. 507, 511, 369 S.E.2d 386, 388 (1988); *accord Bowser v. Williams*, 108 N.C. App. 8, 16, 422 S.E.2d 355, 360 (1992), *disc. rev. allowed*, 333 N.C. 343, 426 S.E.2d 703 (1993).

It is undisputed that each policy at issue, were it not for the existence of the other policy, provides coverage for the fire damage. A study of the "other insurance" clauses in the policies leads us to the conclusion that both are "excess" clauses, and, try as we might, we can discern no material difference in them. Although the language used is not identical, both clauses effectively provide that, if there is other insurance covering the same loss, then the insurer will pay only the excess beyond what is payable under the other policy. Accordingly, the trial court properly determined that the excess clauses are mutually repugnant, and neither may be given effect.

## II

Aetna argues that, even if the trial court properly deemed the clauses at issue mutually repugnant, the trial court erred in determining that Aetna and Continental should share payment of the fire loss claim on a pro-rata basis, rather than equally.

When neither of two competing insurance policies has an "other insurance" clause and both cover the loss which has been sustained, "liability is allocated pro rata when no contrary policy stipulation is involved." 16 Mark S. Rhodes, *Couch on Insurance 2d* § 62:2 (Rev. ed. 1983); *see also Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 349, 152 S.E.2d 436, 442 (1967) (the rule in other jurisdictions when there are two policies is to hold the two insurers liable to prorate in proportion to the amount of insurance provided by their respective policies). As previously discussed, when excess "other insurance" clauses are deemed mutually repugnant, neither is given effect. In other words, the policies are treated as though they contain no "other insurance" clauses. Thus, payment for the loss should be shared between the insurers just as it would be shared in the case where neither policy contains an "other insurance" clause, i.e., payment for the loss should be prorated. We note that our decision in this regard is consistent with the rule followed by the majority of jurisdictions, as recognized by this Court in *Hilliard. See Hilliard*, 90 N.C. App. at 511-12, 369 S.E.2d at 389.

Accordingly, the trial court's determination that Aetna and Continental must share payment of the $428,447.78 fire loss claim pro-rata, based on their respective policy limits of $11,600,000.00 and $5,000,000.00 is

Affirmed.

Chief Judge ARNOLD and Judge McCRODDEN concur.